IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLYN MCKNIGHT,

      Plaintiff,         ORDER

  v.

                 11-cv-249-wmc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

---

Plaintiff Shirlyn McKnight has filed what seems to be a suit pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for social security disability benefits.  Plaintiff seeks to commence this lawsuit without prepayment of the filing fees and costs or providing security therefor, pursuant to 28 U.S.C. § 1915.

To determine whether a petitioner qualifies for indigent status, the court uses the following calculation:  From petitioner annual gross income, the court subtracts $3700 for each dependent, excluding the petitioner.  If the balance is less than $16,000, the petitioner may proceed without any prepayment of fees and costs; if the balance is greater than $16,000 but less than $32,000, the petitioner must prepay half the fees and costs.  Substantial assets or debts require individual consideration.

From petitioner's affidavit of indigency, I find that she has an annual income of $16,200.91 and no dependents.   Petitioner does not have substantial debts or assets that require consideration.  Therefore, petitioner is able to prepay half the fees and costs of commencing this action in the amount of $175.

However, It is difficult to determine from plaintiff's complaint if she actually is seeking judicial review of a final decision of the commissioner, as allowed by 42 U.S.C. § 405(g).  It *is* clear that plaintiff is unhappy with how long it took for her to be found eligible for benefits and with the performance of her lawyer and the "judge," but it is not clear if plaintiff actually is challenging the actually result that she achieved.  Plaintiff will have to submit more information to help this court determine what it is she is actually complaining about.

In particular, if plaintiff is contesting a final decision by the commissioner about her benefits, then plaintiff must identify for this court the calendar date that decision was issued so the court (and the government) knows what decision plaintiff is talking about.  The best way for plaintiff to do this is to submit a copy of the administrative law judge's decision or a copy of a letter from the Appeals Council authorizing her to file a federal action.  Alternatively, plaintiff may submit a letter stating the date on which the final decision in this case was issued and the name of the person or agency who issued it.  She must submit this information as condition to her being allowed to proceed *in forma pauperis.*

ORDER

IT IS ORDERED that Shirlyn McKnight's petition for leave to proceed *in forma pauperis* is GRANTED on the conditions that, not later than April 25, 2011, she:

    (1) pay half of the filing fee, that is, $175;  and

    (2) identify the date of the final decision that she is contesting.

If plaintiff fails to do both of these things by her deadline, then this action may be dismissed for her failure to prosecute it.  Upon receipt of plaintiff's payment, the court will enter an order concerning service of her complaint..

Entered this 4th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge